A bill of ex-
ceptions to
the *charge*
may be ten-
dered at any
time before
the jury have
delivered
their verdict
in open
court; even
after they
have agreed
upon it and
sealed it up.

JONES and CLARKE *against* The Insurance Company
of North America.

AFTER the sealing up of their verdict in this case by the
jury, but before the delivery of it in court, *E. Tilghman*
for the defendants tendered a bill of exceptions to the charge of
the court delivered by the chief justice; and the question was
whether it was in time.

*Dallas* for the plaintiffs objected that it was too late. The sta-
tute of *West. 2. 13 Ed. 1. c. 31.* which gives the bill of Excep-
tions, specifies no time; but it must be tendered at the trial.
*Bull. N. P.* 315.; *Wright* v. *Sharp* (a); *Tidd's Prac.* 312. 314.;
and at the trial means before verdict. Exception shall not be
allowed after verdict, *Tidd* 314.; and the uniform practice has
been to tender the bill at the time the exception is taken, *Mos-
tyn* v. *Fabrigas* (b), *Symmers* v. *Regem* (c); though it may be
sealed afterwards. *Money et al.* v. *Leach* (d). The same point
is expressly ruled in *Wright* v. *Sharp*, where *Holt* C. J. and
*Powel* J. say it must be prayed and minutes of it taken at the time
of trial, and the cause may go on nevertheless; it may be redu-
ced to form afterwards. The judge is not obliged to seal it unless
it is offered at the trial. *Pocklington* v. *Hatton* (e). It is com-
pared to a demurrer to evidence and to a special verdict, both
of which must be minuted at the time. *Gibson* v. *Hunter* (f).
The judges should set their seals that such exceptions were ta-
ken at the trial; and the writ to acknowledge the seal presumes
that at that time the exceptionable matter was noticed. *Money* v.
*Leach*. The precedents all justify these positions. *Bull. N. P.* 319.
*Lill. Ent.* 249, 250.; and every evil which can arise from a bill
of exceptions after a common verdict, will arise after one of
this character, sealed up for delivery.

*E. Tilghman* stated that the objection was taken as soon as the
court opened, and before the jury appeared at the bar. A ver-
dict had indeed been agreed upon, and sealed up for the con-

(a) 11 *Mod.* 175. 1 *Salk.* 288. *S. C.*   (d) 1 *W. Bl.* 556. 3 *Burr.* 1692. *S. C.*
(b) 2 *W. Bl.* 929.                         (e) 8 *Mod.* 220.
(c) *Cowp.* 494.                            (f) 2 *H. Bl.* 200.

1802.

JONES and
CLARKE
*v.*
Insurance
Company
N. A.

venience of the jury; but such a verdict is not given until the jurors have parted with it, and it is read and affirmed in open court. 3 *Bl. Com.* 377. Until this last step the trial continues; the trial is over when this last step is taken. By this undeniable position all Mr. *Dallas's* cases are done away; all of them admit that the exception will answer if taken at any time before verdict.

But there is also an important difference between an exception to *evidence*, and an exception to the *charge*. In the first case if it be not made when the evidence is offered, a reliance is placed on the sufficiency of the evidence, and better or additional evidence is not sought; the exception taken at a late period would therefore if valid strip the party of his support when he no longer had the opportunity to procure more. But before the charge each party is presumed to have exhausted his evidence, at least so far as is material; and no injury can accrue to either party by a subsequent exception, if it be made before verdict. By this distinction too the cases read are explained away. *Tidd* 314. is of an exception to evidence; so *Bull. N. P.* 315. *Wright* v. *Sharp*, and *Symmers* v. *Regem. Mostyn* v. *Fabrigas* is not to this point either way; nor is *Money* v. *Leach;* and the precedents cited shew the exception to have been taken even *subsequent* to the verdict. *Bull. N. P.* 319. *Lill. Ent.* 250.

*Dallas* in reply observed that there was no distinction in the books between *charge* and *evidence;* and that the cases of *Pocklington* v. *Hatton*, and *Wright* v. *Sharp* related to the charge.

Per CURIAM. A jury may depart from a privy verdict. Until it has been opened and confirmed in court, it is in fact no verdict; and the authorities and precedents which have been read shew undeniably that if the exception to the charge is taken at any time before verdict it is in season. We cannot refuse to allow the bill in this case; and we are happy to do it as it will bring the principal question before a higher tribunal.