The opinion of the Court was delivered by
Tilghman C J;-
The counsel for the plaintiff in error have made an application to the Court, founded on the affidavits of Frederick Smith and William Darling, esquires* for a writ of mandamus to the Judges of the Court of Common Pleas of Berks county, commanding them to affix their seals to a certain bill of exceptions, taken at the trial of‘this cause before them, or'shew cause, &c.
On the argument on this motion, two points have been made — 1st. As to the powerof this Court to issue a mandamus to the- Court of Common Pleas. 2d. As to the' propriety of issuing the writ in this case, supposing the power to exist.
The judgment which the Court has formed on the second point, renders it unnecessary to give an opinion as the first. Bills of exceptions are founded on the Stat.'of Westminster 2d, (13 Ed. 1.) ch. 31. That Statute does not expressly mention at- what time the exception is to be tendered, but the reason of the thing, the practice of most Courts, and the precedents and authorities on the subject, prove, that it must be at the time of the trial. Exceptions' to evidence must be taken, as soon as the Court has decided to admit, or reject the evidence. If is sufficient, however, if a note be made of the exception, and submitted to the Court, at the time it is taken. It may afterwards be reduced to form. When an exception is taken to the charge of the Court, it must be tendered before a verdict is delivered by the jury in open Court. In that case also, it will be sufficient, if the substance of the exception be reduced to writing and tendered to the Court at the time, which may afterwards be reduced to form. Any other construction of the Statute would be attended with excessive inconvenience, and place the Judges in a condition *217 so. perilous, that no prudence or diligence could protect them. It is almost impossible, that a Judge should retain his charge in memory for any considerable time. What is he to do then, if he is called on to seal a bill of exceptions, some months, dr even weeks, after the trial ? He must either render himself subject to an action of damages by a. refusal, or run the hazard of violating his conscience and doing injustice to one of the parties, by certifying a charge of which he has no certain recollection. The law on this subject was well argued and considered,- in the case of. Jones & Clarke v. The Insurance Company of North America, 1 Binn. 38. There, the Court allowed the bill of exceptions which was taken to their charge, and tendered- after the jury retired, and agreed on a privy verdict, but before they had delivered theif verdict in open Court. Both the Court and counsel seem to have taken for granted, that the delivery of the verdict in Court, was the last moment which could be allowed for tendering the bill," and we are of opinion that such is the law. Now to apply it to the case before us: Very soon after the jury had received- the charge of the Court, and retired from their box, Mr. Evans, the counsel for the plaintiff, mentioned to the Court, that he excepted to the charge. The President told him to prepare his bill, -which he said he would do., The vérdict was given for the defendants, and judgment nisi, &c. entered on the 14th November, 1818; and on the 28th day of the same month and year, a rule wás granted, on motion of the'plaintiff’s counsel, to shew cause why the verdict should not be set aside, and a new trial had. On the 7th day of August, 1819, this rule was discharged, and some time in the week next following, Mr.. Evans tendered to the Court a bill of exceptions. But the Court would not put their seals to it, without the consent of the counsel for the defendants, which consent was not given. It appears, then, that nine months intervened between the trial, and .the tender of the bill; a period altogether' unreasonable, even if there were no fixed time for making it. But Mr. Smith, in his affidavit, has referred to a paper annexed, which he says is his own hand writing, containing twelve points proposed by the plaintifl’s counsel to- the Court for their opinion, underneath each of which points is a remark, or observation, in the writing of the President of the Court, *218 and Mr. Smith swears, that the President charged the jury-according to these observations. - It may be so ; but we have examined that paper, and to call it the notes of a bill of -ex-ceptions would be ascribing to it a quality which does not belong to it. A bill of exceptions should be prepared by the counsel who takes the exception, and in this case the counsel was desired by the Court to prepare it, as the affidavits prove. So that the paper now produced, cannot have been notes of a bill .of exceptions prepared by the counsel and tendered to the Court. Indeed neither of the affidavits says that it was — they mention no .tender of any bill, or notes of a bill; before August, 1819. ' The njo§t that can be said of this paper is this; that supposing the short remarks in the writing of the President to be a memorandum of the answers intended to be given by the Court to each question, they might enable the Court- -t,o make out a bill of exceptions noxv, if they thought proper to do so. But that Court is critically circumstanced. The counsel for the defendants may think' their clients injured by a bill of exceptions allowed at so late an hour • and in. deciding how to act, the Court is not to look to one side only. That,, however, is a matter of discretion, in which the Court must be governed by its own conscience and judgment. What we have to decide is, whether'under the facts disclosed by the affidavits, we ought to grant a mandamus, supposing we had the power ; and we are of opinion, that we ought not. The motion must therefore be.refused-.
Motion denied,