The Chief Justice
delivered the following opinion upon the petition for a rehearing:
Upon considering the petition for a rehearing in the case and a review of the opinion already file^, we are still satisfied that we have conformed in our decision to the established rules of law prevailing here from the time of the organization of this court, and in all the States excepting Pennsylvania. That rule is that where it is alleged that an error has been committed by the judge upon a trial, except in rendering a judgment upon demurrer or plea in abatement, motion to quash, change of venue, and the like, or in rendering final judgment, the record must show that an exception was taken to the action of the court.
The rule in Pennsylvania is that exceptions to the charge of the court may be tendered at any time before the delivery of the verdict, and that a plaintiff in error may assign error in an opinion on any point material to the issue appearing on the bill'of exceptions, .although the error was not particularized in stating the exceptions , below. (1 Bin., 38; % Bin., 308.) And the Justice in 1 S. & E., 304, said that the statute, (13 Edw. 1,) gaye the bill of exceptions in order that the points determined should be introduced into the record and decided on by the court of error. In 1806, the legislature, without superseding the bill of exceptions, provided still another practice for bringing opinions upon the record, that the' judge should reduce the opinion to writing as given, with the reasons therefor, and file the same of record in the cause.
The courts hold (53 Penn. St., 127) that any error appearing in the opinion or in the record might be assigned for error in the appellate court without an exception taken in the court below, that a writ of error goes to the whole record, and if perchance any error appears therein it might ■ be taken advantage of upon errors assigned' even though’ 'no objection or exception was taken in the court below, and no opportunity given to that court to correct any mistake or inadvertence. To- adopt such a rule in this State, where the practice has b'ecome established otherwise by the uniform decisions of this court as firmly as though dictated by express statute, would be an act of judicial law making and repealing which we are not ready to do. The duty of courts is to decide causes according to established principles and rules of law. That these differ in Pennsylvania with those in this State or in other States is due to the legislation or the early action of their courts, or both.
Our law and practice are to the effect that where rulings ánd conduct of the court below do not violate fundamental rights, and no objection or exception be taken, the party affected is held to' have waived any right to surprise the court and opposing parties by starting an objection in the appellate'court for the first time. Without considering “’the ingenious and earnest criticism of the opinion filed, contained in the petition for a rehearing, we do not think it necessary to reiterate our convictions as there expressed.
The petition is denied.